UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Enos Edens, | ) | C/A No. 5:12-cv-03427-SB-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Willie Eagleton, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Timothy Enos Edens ("Petitioner" or "Edens") is a state prisoner who filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 37, 38. On September 19, 2013, Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment. ECF No. 53. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 37, be granted.

I.     Background

Petitioner is currently incarcerated in the Evans Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In June 1992, Petitioner was indicted by a Greenville County Grand Jury for murder and possession of a firearm during the commission of a violent crime in connection with the November 18, 1991 death of Johnny Riggins. ECF No. 39-1 at 1-2, 4. On August 31, 1992, Petitioner entered a guilty plea to the murder indictment[1]

---

[1] The State dismissed the remaining count of the indictment. ECF No. 12 at 2.

before the Honorable C. Victor Pyle, Jr. ECF No. 39-1 at 5.[2] Attorney Harold Lowery represented Petitioner, and Assistant Solicitor Robbie Childs appeared on behalf of the State. ECF No. 39-3 at 14. Petitioner was sentenced to a term of life under the 20-year-parole-eligibility statute. ECF No. 39-1 at 5.   Petitioner did not file a direct appeal.  ECF No. 12 at 3.

II. Procedural History[3]

Petitioner completed an Application seeking post-conviction relief on September 7, 1995, which was served on the South Carolina Attorney General and the Greenville County Solicitor. ECF No. 39-14 at 13-18; ECF No. 53 at 2.  Petitioner's Application was subsequently filed on November 17, 1997. ECF No. 39-20 at 1. In his Application, Petitioner argued he was entitled to relief on the following grounds:

(a) Ineffective Assistance of Counsel,
(b) Involuntary guilty plea, and
(c) Prosecutorial misconduct.

ECF No. 39-3 at 4-5.  In response, the State filed its Return on May 7, 1998 and moved to dismiss Petitioner's PCR Application arguing that the Application was untimely. ECF No. 39-4. On June 21, 1998, Petitioner's PCR Application was dismissed "for failure to file [the Application] within the time mandated by statute."  ECF No. 39-5. On June 30, 1998, Petitioner filed a motion to vacate the Order of Dismissal which was granted on January 26, 1999, and Petitioner's First PCR Application was reinstated to the docket.  ECF Nos. 39-6, 39-7. Petitioner filed a Motion to Amend his First PCR Application on April 21, 1998, and filed a Motion to

---

[2] There is no transcript of the guilty plea hearing so this factual background is taken from the State Court document files of the Greenville County Clerk, Solicitor, and Sheriff that were provided by Respondent in its Return.  *See* ECF Nos. 39-1, 39-2.
[3] The procedural history in this case is taken, in part, from the August 29, 2011 Order of Dismissal of Petitioner's Post Conviction Relief ("PCR") Application.  ECF No. 39-20.

Change Venue from Greenville to Richland County on June 18, 1998. ECF Nos. 39-10, 39-11. Petitioner's Motion to Change Venue was granted on April 19, 1999. ECF No. 39-12.

A hearing was scheduled on September 16, 2002, but was continued due to Petitioner's poor health. ECF No. 39-19 at 15. The hearing was then re-scheduled for July 20, 2003, ECF No. 39-19 at 15, but appears to also have been continued due to Petitioner's health. On June 30, 2003, Respondent filed an Amended Return and Motion to Dismiss Petitioner's PCR Application. ECF No. 39-13. Petitioner filed a memorandum opposing Respondent's Motion to Dismiss on September 8, 2004. ECF No. 39-14. On December 2, 2005, in response to a motion made by Petitioner's counsel to disqualify the Office of the Attorney General from representing the State due to a conflict of interest, an Order was entered substituting the Richland County Solicitor's Office in place of the Office of Attorney General as counsel for the State. ECF No. 39-15. Almost six years later, on March 25, 2011, an Order was entered vacating the Order recusing the Office of the Attorney General from representing the State. ECF No. 39-18. On June 6, 2011, an evidentiary hearing was conducted in Richland County before the Honorable James R. Barber, III. ECF No. 55 at 1. At the hearing Petitioner was represented by S. Jahue Moore, Esq., while the State was represented by Assistant Attorney General Brian T. Petrano. *Id.* Although Petitioner was present at the hearing, he did not testify. ECF No. 44. On August 29, 2011, the PCR court issued an Order denying Petitioner relief and making the following findings of fact and conclusions of law:

### **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80.

3

At the hearing, the Respondent explained the procedural history and then renewed his motion to dismiss. The Respondent explained that the application was untimely and there was no actual newly discovered evidence to thwart the statute of limitations. The Respondent argued that while there was no statute of limitation in effect at the time of the 1992 guilty plea, S.C. Code § 17-27-45(a) applies to all applications filed after July 1, 1996, Peloquin v. State, 321 S.C. 468 (1996), and that this application was filed November 14, 1997 after the statute of limitations expired. *See* State's *Amended Return and Motion to Dismiss, p.* 2, packet p. 51. The Applicant conceded that the application was not actually filed in a timely manner. However, the Applicant maintains that the application was timely forwarded to the Office of the Attorney General and that because it was timely served and because the Applicant alleged that he was an uneducated and illiterate man, the application should not be summarily dismissed. *See Applicant's Memorandum in Opposition to State's Motion to Dismiss,* p. 4, packet p. 58. The Applicant has also argued that newly discovered evidence existed to show that another person (the Applicant's wife, Ms. Lisa Edens) confessed to the crime and an alleged affidavit from a witness purporting to overhear Ms. Edens allegedly confess to the crime was dated November 15, 1996 and therefore the application is not untimely because that affidavit was within one (1) year of the date of the application, i.e. November 14, 1997. *See Applicant's Memorandum in Opposition to State's Motion to Dismiss*, p. 8, packet p. 62. Whereas the Respondent argued that the allegation that Ms. Edens allegedly committed the crime cannot be newly discovered because the Applicant himself concedes that he himself supposedly saw Ms. Edens shoot and kill the victim in real time, the night it happened - it cannot therefore be "newly" discovered. *See PCR application*, p. 35.

*Non-Newly Discovered Evidence Claims*

This Court finds that the Applicant's claims are without merit. First, his allegations can be broken into two parts, newly discovered evidence and all the other claims. He makes numerous claims regarding supposed prosecutor misconduct, involuntary guilty plea error(s) by the plea court, plea counsel's supposed failure to investigate, etc. All of these types of claims are barred as untimely. The Court has reviewed the pleadings and all relevant supporting documents. Pursuant to S.C. Code Ann. § 17-27-70(b) (2003), the Court makes the following findings of fact and conclusions of law:

This Court finds that this matter should be summarily dismissed because Applicant has failed to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. § 17-27-10 to -160 (2003). S.C. Code Ann. § 17-27-45(a) reads as follows:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower

4

> court from an appeal or the filing of the final decision upon an appeal, whichever is later.

The Applicant was convicted of the offense he challenges in this application on August 31, 1992. The South Carolina Supreme Court has held that the statute of limitations shall apply to all applications filed after July 1, 1996. Peloquin v. State, 321 S.C. 468, 469 S.E.2d 606 (1996). This application was filed on November 14, 1997, which is beyond the time that the statutory filing period had expired. The Applicant alleges that because he supposedly mailed the PCR application to the Attorney General's Office he should not be time barred. This argument is wholly without merit. The Rules of Civil Procedure apply to PCR. Rule 11.1(a), SCRCP. A "complaint shall be filed before service." Rule 5(d), SCRCP.  This Applicant's PCR application was not filed until November 14, 1997. The instructions on the face of the application explain that the original shall be mailed to the Clerk.

> Mailing does not constitute filing. Gary v. State, 347 S.C. 627, 629, 557 S.E.2d 662, 663 (2001). "When a statute requires the filing of a paper or document, it is filed when delivered to and received by the proper officer." Gary, 347 S.C. at 629, 557 S.E.2d at 663 (citing Fox v. Union-Buffalo Mills, 226 S.C. 561, 86 S.E.2d 253 (1955)). "Under S.C. Code Ann. § 17-27-40 (1985), the application must be filed with clerk of the court in which the conviction took place." Id.
> Pelzer v. State, 378 S.C. 516, 520, 662 S.E.2d 618, 620 (S.C. Ct. App. 2008).

A motion for summary judgment may properly be used to raise the defense of statute of limitations. McDonnell v. Consolidated School District of Aiken, 315 S.C. 487, 445 S.E.2d 638 (1994). In addition, S.C. Code Ann. § 17-27-70(c) (1985) authorizes the Court to "grant a motion by either party for summary disposition of [an] application when it appears from the pleadings ... that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Therefore, the Court finds this application must be summarily dismissed for failure to file within the time mandated by the Post Conviction Procedure Act.

*Newly Discovered Evidence*

Apart from the above traditional PCR allegations that fall under a timeliness analysis based on the date of the conviction/sentence (assuming no direct appeal). i.e. S.C. Code § 17-27-45(a), this Applicant also claims newly discovered evidence exists which makes his application timely, i.e. S.C. Code §17-27-45(c). Essentially, the Applicant, in his application argues that he has affidavits from witnesses who claim to have overheard that another person - the Applicant's wife, Lisa Edens - take credit for the murder of the victim. *See*

5

*Applicant's Memorandum in Opposition to State's Motion to Dismiss*, p. 7, packet p. 61.

A party making a motion for a new trial or for relief from judgment based on newly discovered evidence must show that the evidence: (1) will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial; (4) is material to the issue; and (5) is not merely cumulative or impeaching. *Lanier v. Lanier*, 364 S.C. 211, 612 S.E.2d 456 (S.C. App. 2005). Evidence is not newly-discovered where it was known to the party and in the said party's possession. Id.

The Respondent moved to strike any such affidavits, if they were considered part of the record, as inadmissible hearsay.[2] The Applicant's memorandum explains that because the affidavits - that claim to have overheard the Applicant's wife take credit for the murder - were not executed until November 15, 1996 that would make this application timely because it was filed within one (1) year, i.e. November 14, 1997. *See Applicant's Memorandum in Opposition to State's Motion to Dismiss*, p. 7 - 8, packet p. 61 - 62. Ignoring the Respondent's motion to strike the affidavits, and taking the alleged nature of the affidavits as true for the purposes of the Respondent's motion to dismiss and motion for summary judgment, the Applicant's argument is without merit. The supposed incident that is the basis for the affidavits stems from a conversation allegedly overheard at the Broad River Correctional Institute on February 14, 1995. *See Applicant's Memorandum in Opposition to State's Motion to Dismiss*, p. 7, packet p. 61. Even if this information truly was newly discovered evidence, the correct date for the purposes of the one (l) year rule for newly discovered evidence would begin from the date of the incident at Broad River Correctional facility, not the date that the alleged affiants bothered to execute an affidavit. Accordingly, the application is still untimely because it was beyond the statute of limitations.

However, more importantly, this is not newly discovered evidence. The Applicant himself explained that he supposedly witnessed his wife shoot the victim. *See PCR application*, p. 35.[3] Assuming the Applicant is credible, he pled guilty after he saw his wife shoot the victim -- he cannot now allege information suggesting that she shot the victim is somehow newly discovered.

_____

[2] The Respondent explained that there were several inches worth of papers, including letters and pleadings, that go back several years and it was not clear if the proffered affidavits were "part of the record."

[3] This Court is ignoring the obvious inference that the Applicant and his wife acted in concert under a hands of one, hands of all theory.

**CONCLUSION**

> Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant the application.
>
> Except as discussed above, this Court finds that the Applicant failed to raise the remaining allegations set forth in his application at the hearing and has, thereby, waived them. As to any and all allegations that were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in this Order, this Court finds Applicant failed to pursue those claims. Accordingly, this Court finds that Applicant waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they are dismissed with prejudice. A waiver is a voluntary and intentional abandonment or relinquishment of a known right. Janasik v. Fairway Oaks Villas Horizontal Property Regime, 307 S.C. 339, 415 S.E.2d 384 (1992). A waiver may be express or implied. "An implied waiver results from acts and conduct of the party against whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable." Lyles v. BMI, Inc., 292 S.C. 153, 158-59, 355 S.E.2d 282 (Ct. App. 1987). The Applicant's failure to address these issues at the hearing indicates a voluntary and intentional relinquishment of his right to do so. Therefore, any and all remaining allegations are denied and dismissed.

ECF No. 39-20 at 3-9.  Petitioner filed a Notice of Appeal on October 6, 2011.  ECF No. 39-21. An Order of Dismissal was filed on December 15, 2011, dismissing Petitioner's appeal.  ECF No. 39-23.  The Remittitur was issued on January 4, 2012.  ECF No. 39-24.  Petitioner's habeas Petition was filed on November 27, 2012.[4]  ECF No. 1.

III.   Discussion

   A. Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE:  He has not filled [sic]: A State Writ of Habeas Corpus, or a Writ of Mandamus.  Reason:  There Is No Original Transcript of Record, to said,

---

[4] *See Houston v. Lack*, 487 U.S. 266, 271 (1988)(*pro se* prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).  Although the Petition was docketed as filed on December 3, 2012, the envelope for the Petition reflects it was deposited in the SCDC mailing system on November 27, 2012. ECF No. 1-2.

Plea Proceeding. It is impossible to show the Facts, of what happen, from "A SILENT RECORD" !!.

Supporting Facts: ** With ** No Original Transcript of Record, or Tapes, to said, Plea Proceeding. To what was said, to Mr. Edens, or what he understood from his Attorney, or the Court Judge or anyone else is unknown. With this Silent Record, Mr. Edens, and his counsel and The STATE, are essentially left with a empty box with nothing inside but air, to what remanings unknown than known. The list of unknowns continue. STATE knows that the fundamental tool considered essential to ensure adequate and effective appellate review is a Transcript of said, plea proceeding.

GROUND TWO: Petitioner was deprived of effective assistance of counsel in violation of his: 4th, 5th, 6th, 8th, 13th, 14th, and 16th Amendment rights. Counsel entered a plea, knowing that Mr. Edens, was DEAF, and is ILLITERATE !!

Supporting Facts: Counsel, knew Mr. Edens, couldn't HEAR, and was unable to READ or SPELL WORDS. I know YOU can't HEAR, AND YOU can't READ. When we get in frount [sic] of the Judge. Don't worry Mr. Edens, I am going to be speaking for YOU today, this is not a Jury Trail [sic], That's coming later on, not today.

GROUND THREE: Ineffective Assistance of Counsel, Counsel knew Mr. Edens, was DEAF, and was illiterate, told him he was getting a Jury Trail [sic], after words Mr. Edens, was told that it was a guilty plea, he never seen his Counsel again.

Supporting Facts: It is a FACT that Mr. Edens, has been DEAF, since he was 9-years old. And he knew that Mr. Edens, couldn't READ, and that he could sign his name. This is how he lied to Mr. Edens. He was told he was getting A Jury Trail [sic]. His Attorney, Told Mr. Edens, I know you can't hear, I will be speaking for you If I bump you on the arm, say ("YES SIR"), to the Judge. If I bump you on leg, say ("NO SIR"), to the Judge. His Attorney, said do understand ??

GROUND FOUR: Lact [sic] of Evidence, With Delays of more than 14 years, before having A Motion To Dismiss. My PCR hearing, I was not aloud [sic] to testify in this hearing.

Supporting Facts: After all these years, Mr. Edens's Attorney, is dead, and so is most everyone else, The "ONLY", One that knows what Mr. Edens, understood at this said, Plea Proceeding is Mr. Edens. His Attorney, told him what to say, and what not to say in this said, Plea Proceeding. As said, his Attorney Mr. Harold R. Lowery is dead. And the STATES Hearsay Witness Mr. Edens's X-wife is Dead

8

> also. There is No Eye Witness, NO Murder Weapon of any kind. The STATE can't even give a time of deaf [sic] of the deceased.
>
> ADDITIONAL GROUNDS: I was not aloud [sic] to testify in this Motion to Dismiss My PCR hearing. I AM DEAF, but I am not a deaf mute, I didn't loss my hearing till I was 9-years old so therefore I can speak somewhat. // Trail [sic] Counsel was deficient for failure to object to, inadmissible evidence. // Abusive Discloser [sic] BY States Attorney As soon as my Attorney left the Motion Hearing, States Attorney, run and took Family, up to talk to the Judge, Without my Attorney there to Cross-Examine Them.

ECF No. 12 at 6-12.

    B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

    C.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV.    Analysis

    A.  Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas Petition should be dismissed because Petitioner's claims are barred by the statute of limitations. ECF No. 38 at 19. The AEDPA requires that prisoners apply for habeas corpus relief, in most cases, within one year of the date that their convictions become final. 28 U.S.C. § 2244 (d)(1). Because Petitioner's conviction became final prior to the enactment of the AEDPA, he had one full year following the statute's effective date of April 24, 1996, in which to timely file such an application. *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). In other words, Petitioner had until April 24, 1997, to file for habeas relief; however, Petitioner did not file this Petition until December 3, 2012, more than six years after the AEDPA statute of limitations had expired. Petitioner's initial state

PCR action, filed on November 14, 1997, does not operate to toll the AEDPA statute of limitations as his PCR action was filed *after* the AEDPA statute of limitations had run. Accordingly, the Petition is not timely.

 B.  The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2254 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560

(2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

In his response to Respondent's summary judgment motion, Petitioner argues that he is entitled to equitable tolling of the AEDPA statute of limitations. ECF No. 53 at 6. Petitioner argues that he attempted to bring a PCR action on September 7, 1995 when he mailed a copy of his PCR Application to the South Carolina Attorney General and the Greenville County Solicitor. *Id.* Petitioner argues this his Application would have been timely if it had been filed. *Id.* Petitioner contends that he did not "receive notice that his application had not been filed until after the statute of limitations on PCR actions had expired." *Id.* Petitioner avers that he is "an uneducated and illiterate lay person" who has "substantial physical hearing disabilities." *Id.* at 7. Petitioner argues that he was not represented by counsel when he submitted his PCR Application to the Attorney General and Solicitor, and that these offices "had substantial staff members and personnel versed in the actions necessary to perfect PCR application, yet they took no action and provided no response to Petitioner." *Id.* at 7. Petitioner contends that he "was under the impression" that his Application was being processed "because he had not been instructed . . . otherwise." *Id.* Petitioner contends the State should be estopped from asserting the AEDPA statute of limitations and argues that the limitations period should be tolled until January 4,

12

2012,[5] due to the Attorney General and Solicitor's Offices "failure to act or respond to Petitioner in any manner with regard to his prior PCR application." *Id.* at 7.

The undersigned has reviewed Petitioner's filings and the record before the court and finds that equitable tolling of the statute of limitations is not merited. The undersigned finds that Petitioner has not offered sufficient reason as to why he could not have filed his PCR Application with the appropriate clerk of court at the same time he served his PCR Application on the South Carolina Attorney General's and Solicitor's offices.  Based upon the foregoing, the habeas Petition was not timely filed, and it is barred by Section 2244(d)(1).[6]

V.  Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 37, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

December 13, 2013                                                                    Kaymani D. West
Florence, South Carolina                                                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[5] January 4, 2012 is the date the South Carolina Supreme Court issued the Remittitur of Petitioner's PCR appeal.

[6] Because the court finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).