IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK CHARLESTON, SC

2014 FEB 21 P 2: 36

| | |
|---|---|
| Timothy Enos Edens, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 5:12-cv-3427-SB |
| v. ) | |
| ) | **ORDER** |
| Willie Eagleton, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Timothy Enos Edens' ("Edens" or "the Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In May of 2013, the Respondent filed a motion for summary judgment. On December 13, 2013, pursuant to 28 U.S.C. § 636(b) and the Local Rules for this District, United States Magistrate Judge Kaymani D. West issued a report and recommendation ("R&R") finding Edens' petition untimely and recommending that the Court grant the Respondent's motion for summary judgment. Attached to the R&R was a notice advising the parties of the right to file written objections to the R&R within fourteen days of being served with a copy. See 28 U.S.C. § 636(b)(1). The Petitioner filed objections to the R&R, and the matter is ripe for review.

## STANDARD OF REVIEW

### I.  The Magistrate Judge's R&R

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id.

## II. Legal Standard for Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

### I. The AEDPA's Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>    recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

In addition, section 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state collateral proceeding must be "properly filed" for section 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually proscribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).



As the Magistrate Judge noted, the Petitioner pleaded guilty to murder on August 31, 1992, and he did not file a direct appeal. The Petitioner filed an application seeking post-conviction relief ("PCR") on November 17, 1997; however, because the Petitioner failed to file his PCR application within one year of July 1, 1996–the effective date of South Carolina's statute of limitations, S.C. Code Ann. § 17-27-45(a)–the state court found his application untimely. The state court also rejected the Petitioner's argument that the statute of limitations should be equitably tolled because he had forwarded a PCR

application to the Office of the Attorney General in September of 1995. The state court rejected the Petitioner's argument as "wholly without merit," noting that the previous application was never "filed" within the meaning of the South Carolina Rules of Civil Procedure. (See Entry 39-20 at 5.)

Here, the Petitioner's state conviction became final prior to the enactment of the AEDPA. Therefore, he had one full year following the AEDPA's effective date of April 24, 1996, to timely file a section 2254 petition. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). The Petitioner filed his section 2254 petition on December 3, 2012, more than six years after the statute of limitations expired. Moreover, the Court agrees with the Magistrate Judge that the Petitioner's PCR application, which was filed on November 14, 2007, did not toll the AEDPA statute of limitations not only because this PCR application was filed *after* the AEDPA statute of limitations had expired, but also because the state court dismissed it as untimely and therefore it was not "properly filed" within the meaning of section 2244(d)(2).

In his objections, the Petitioner again argues that the AEDPA's statute of limitations should be equitably tolled because even though he did not file his PCR application until November of 1997, he had previously forwarded a PCR application to the Attorney General in September of 1995. The Petitioner asserts that he is uneducated and illiterate and that he was under the impression that his 1995 PCR application was being processed.

After consideration, the Court finds the Petitioner's objections without merit. As the Magistrate Judge noted, equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would

4

result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 516 U.S. 832 (2004); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). A petitioner seeking equitable tolling generally bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). As the Fourth Circuit stated in Harris v. Hutchinson:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir. 2000).

Courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing Harris, 209 F.3d at 330-32). "Likewise, mistake of counsel does not serve as a ground for equitable tolling . . . Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." Id.; see also United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) (noting that ignorance of the law is not a basis for equitable tolling); Jones v. South Carolina, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA

filing deadline, or even (in some instances) petitioner illness.") (emphasis in original) (unpublished); Jenkins v. Johnson, 2009 WL 1923938 (E.D. Va. 2009) (stating that "delays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling") (citations omitted).

Here, the Court agrees with the Magistrate Judge that the circumstances alleged by the Petitioner do not present those rare instances where it would be unconscionable to enforce the limitations period. Stated simply, the Petitioner has not offered any explanation as to why he could not have filed his PCR application with the appropriate clerk in 1995 when he mailed it to the Attorney General. In fact, as the state court noted in its order rejecting the same argument, the instructions on the face of the PCR application explained that the original needed to be mailed to the Clerk.

For the reasons set forth herein and in the Magistrate Judge's R&R, the Court finds the instant section 2254 petition untimely, and the Court finds that the Petitioner is not entitled to equitable tolling. Accordingly, it is hereby

**ORDERED** that the R&R (Entry 56) is adopted and incorporated herein; the Petitioner's objections (Entry 60) are overruled; and the Defendant's motion for summary judgment (Entry 37) is granted.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

Charleston, South Carolina
February **20**, 2014

6

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the Court denies a certificate of appealability.

