IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
U.S.D.C. CLERK, FLORENCE DIV. SC

2014 APR 17  P 4: 22

Timothy Enos Edens,                    )
                                       )
                  Petitioner,          )
                                       )        Civil Action No. 5:12-cv-3427-SB
v.                                     )
                                       )                **ORDER**
Willie Eagleton,                       )
                                       )
                  Respondent.          )
_____)

On February 21, 2014, this Court entered an order adopting the Magistrate Judge's report and recommendation ("R&R") and granting the Defendant's motion for summary judgment, finding that Timothy Enos Edens ("Edens" or "the Petitioner") did not file his petition for a writ of habeas corpus under 28 U.S.C. § 2254 within the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and that he was not entitled to equitable tolling.

On March 7, 2014, the Court received a motion for reconsideration filed on behalf of Edens by an anonymous member of "a small group of Christian Brothers" who asserts that Edens is unable to write the motion on his own. (Entry 69.) The motion asserts that the state court's 1997 order dismissing his post-conviction relief ("PCR") application as untimely was in plain error. The motion appears to argue that the AEDPA's statute of limitations should be equitably tolled because Edens is uneducated and illiterate and he believed that the PCR application that he forwarded to the Attorney General in September of 1995 was being processed, even though he did not actually file his PCR application until November of 1997.



Rule 59(e) allows a party to file a motion to alter or amend a judgment within "28

days after the entry of the judgment." Fed.R.Civ.P. 59(e).  A motion to alter or amend a judgment is "an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998) (quoting 11 Wright et. al, Federal Practice and Procedure § 2810 .1, at 124 (2d ed.1995)).  It may only be granted for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Id.  After review, the Court finds no basis to reconsider, alter, or amend its judgment.  Stated simply, in its February 21 order, the Court specifically considered and rejected the arguments raised in the instant motion.  While the Court understands the Petitioner's personal limitations, the Court does not believe that the circumstances alleged present one of the rare instances where it would be unconscionable to enforce the limitations period, particularly in light of the fact that the instructions on the face of the PCR application explained that the original needed to be mailed to the Clerk to be "filed" pursuant to South Carolina law.  See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (emphasis added).

Based on the foregoing, it is hereby

**ORDERED** that the Petitioner's motion to reconsider (Entry 69) is denied, and any other pending motions are deemed moot.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

April 17, 2014
Charleston, South Carolina